UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

AYBUKE ERDEM,            )
    Plaintiff,           )
                             )
v.                       )            No. 3:22-CV-00216-JRG-CRW
                             )
J.B. HUNT TRANSPORT, INC. and    )
PHILLIP E. CAROTHERS,    )
    Defendants.          )

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion for Partial Dismissal, or in the Alternative, Motion To Strike [Doc. 9] and Brief in Support [Doc. 10]; Plaintiff's Response in Opposition [Doc. 12]; and Defendants' Reply [Doc. 15]. For the reasons stated below Defendants' motion is **GRANTED**.

## I. BACKGROUND

On the morning of July 10, 2021, Defendant Phillip E. Carothers, an employee of Defendant J.B. Hunt Transport, Inc., was driving a tractor-trailer owned by J.B. Hunt eastbound on Interstate 40 in Knox County, Tennessee. [Compl., Doc. 1 ¶¶ 14, 25.] At some point, Mr. Carothers left his lane of travel and his tractor-trailer collided with Plaintiff's car. [*Id.* ¶¶ 29–31.] As a result of the collision, Plaintiff sustained injuries and her vehicle was totaled. [*Id.* ¶¶ 43–44.]

## II. PROCEDURAL POSTURE

On June 17, 2022, Plaintiff brought this five-count action against Defendants for: (I) direct-negligence against J.B. Hunt; (II) direct-negligence against Mr. Carothers; (III) negligence *per se* against Mr. Carothers; (IV) *respondeat superior* against J.B. Hunt; and (V) economic, non-economic, and punitive damages against J.B. Hunt and Mr. Carothers. [*Id.* ¶¶ 45–84.] Defendants have moved to dismiss Count I entirely, portions of Count II, portions of Count III, and Plaintiff's

1

claim for punitive damages or, in the alternative, to strike various portions of Plaintiff's Complaint. [Defs.' Mot. Dismiss, Doc. 9 at 1–2.] Plaintiff has responded in opposition to Defendants' motion as to Counts I, II, and III, but has agreed to withdraw her claim for punitive damages. [Pl.'s Resp., Doc. 12 at 1–8.] Accordingly, Plaintiff's claim for punitive damages is **DISMISSED**. The court will address Counts I, II, and III in turn below.

### III. LEGAL STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides that a plaintiff's complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Though the statement need not contain detailed factual allegations, it must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

A defendant may obtain dismissal of a claim that fails to satisfy Rule 8 by filing a motion pursuant to Rule 12(b)(6). On a Rule 12(b)(6) motion, the Court considers not whether the plaintiff will ultimately prevail, but whether the facts "permit the [C]ourt to infer more than the mere possibility of misconduct[.]" *Id.* at 679 (citation omitted). For the purposes of this determination, the Court construes the complaint in the light most favorable to the plaintiff and assumes the veracity of all well-pleaded factual allegations in the complaint. *Thurman v. Pfizer, Inc.*, 484 F.3d 855, 859 (6th Cir. 2007). This assumption of veracity, however, does not extend to "bare assertions" of legal conclusions, *Iqbal*, 556 U.S. at 681, nor is the Court "bound to accept as true a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citations omitted).

After sorting the factual allegations from the legal conclusions, the Court next considers whether the factual allegations, if true, would support a claim entitling the plaintiff to relief.

*Thurman*, 484 F.3d at 859. This factual matter must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Plausibility "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## IV. ANALYSIS

### A. Count I – Plaintiff Has Not Pleaded Facts Sufficient to Establish a Direct-Negligence Claim Against J.B. Hunt.

J.B. Hunt has moved to dismiss Plaintiff's direct-negligence claim on grounds that it "fall[s] well short of" the standards established by Federal Rule of Civil Procedure 8.[1] [Defs.' Br. Supp. Mot. Dismiss, Doc. 10 at 7.] Specifically, it contends that Plaintiff has offered no factual support for her allegations that J.B. Hunt, *inter alia*, negligently hired, trained, supervised, and retained Mr. Carothers; did not maintain and inspect the tractor-trailer involved in the accident; and did not comply with Federal Motor Carrier Safety Regulations ("FMCSR"). [*Id.* at 7–8.] In

---

[1] J.B. Hunt also argues that Plaintiff's direct-negligence claim is barred by the "preemption rule" which prevents "a plaintiff from pursuing direct negligence claims against an employer where the employer has admitted vicarious liability under *respondeat superior*." *Swift v. Old Dominion Freight Lines, Inc.*, 583 F.Supp.3d 1125, 1134 (W.D. Tenn. 2022) (citing *Ryans v. Koch Foods, LLC*, No. 1:13-cv-234-SKL, 2015 WL 12942221, at *8 (E.D. Tenn. July 8, 2015); *Freeman v. Paddack Heavy Transp., Inc.*, No. 3:20-cv-00505, 2020 WL 7399026, at *1 (M.D. Tenn. Dec. 16, 2020)). But, because J.B. Hunt raised the preemption rule for the first time in its Reply, the Court will not consider that argument. [Defs.' Reply, Doc. 15 at 6–7 n.3; *see also* E.D. Tenn. L.R. 7.1(c) (establishing that reply briefs are for the limited purpose of "directly reply[ing] to the points and authorities contained in the answering brief"); *Malin v. JPMorgan*, 860 F.Supp.2d 574, 577 (E.D. Tenn. 2012) ("It is well-settled that a movant cannot raise new issues for the first time in a reply brief because consideration of such issues 'deprives the non-moving party of its opportunity to address the new arguments.'" (citations omitted)).]

3

response, Plaintiff argues that Mr. Carothers' negligence "by extension, implicate[s] Defendant J.B. Hunt's negligence in its hiring, training, entrusting, supervising and retaining Defendant Carothers." [Pl.'s Resp., Doc. 12 at 5.] Plaintiff further asserts that its direct-negligence claim is supported by snapshots of "publicly-available information from the Federal Motor Carrier Safety Administration ("FMCSA") website demonstrating that [J.B. Hunt's] tractor-trailer drivers are repeatedly involved in preventable collisions, and habitually violate the state/local law and the regulations throughout the United States." [*Id.* at 6 (emphasis in the original); *see also* Compl., Doc. 1 ¶¶ 53–54.]

The Court agrees with J.B. Hunt. Plaintiff's Complaint is devoid of any facts about J.B. Hunt's hiring, training, supervision, or retention policies and procedures generally; much less its hiring, training, supervision, and retention of Mr. Carothers. Likewise, her Complaint contains no facts related to J.B. Hunt's maintenance program or its maintenance of the tractor-trailer involved in the accident. Nor are there any facts from which the Court could plausibly conclude that J.B. Hunt failed to inspect or maintain the tractor-trailer (*e.g.*, allegations of an identifiable defect or of a mechanical failure). *See Lewis v. ACB Bus. Servs., Inc.*, 135 F.3d 389, 406 (6th Cir. 1998) ("A complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory.") (cleaned up and citations omitted). While it is *possible* that J.B. Hunt negligently supervised Mr. Carothers or did not maintain its tractor-trailer, the Complaint's material facts describing an ordinary side-swipe-type car accident do not allow the Court to draw the reasonable inference that such scenarios are *plausible*. *Iqbal*, 556 U.S. at 678 (establishing that "plausibility" requires more than "possibility").

Defendant correctly points out that snapshots of accidents and violations from the FMCSA website involving unknown individuals, under unknown circumstances are irrelevant, and

4

therefore inadmissible, to establish a direct-negligence claim against J.B. Hunt. *See* Fed. R. Evid. 401, 402. Indeed, the FMCSA's website explicitly states that "[r]eaders should not draw conclusions about a carrier's overall safety condition simply based on the data in this system." *See J.B. Hunt Safety Measurement System*, FMCSA, https://ai.fmcsa.dot.gov/SMS/Carrier/80806/BASIC/UnsafeDriving.aspx (last visited January 30, 2023). Moreover, even if the FMCSA data was relevant evidence of a motor carrier's negligence, it would not be useful here because J.B. Hunt has maintained a "Satisfactory" rating (*i.e.*, compliant with FMCSA regulations and authorized to operate on the Nation's roadways) for over thirty years. *Id.*

Because Plaintiff has not pleaded facts sufficient to establish a direct-negligence claim against J.B. Hunt, Count I is **DISMISSED**.

**B.     Count II – Plaintiff Has Not Pleaded Facts Sufficient to Establish Negligence Claims for Speeding or Failure to Inspect, or Facts Sufficient to Establish a Claim for Recklessness.**

Mr. Carothers has moved to dismiss portions of Count II that he asserts are unsupported by any facts; specifically, paragraph 61's allegation that he "fail[ed] to operate the tractor-trailer at a safe speed"; paragraph 65(*l*)'s allegation that he "fail[ed] to inspect the tractor-trailer"; and paragraph 65(j)'s allegation that he drove in a "reckless manner[.]" [Defs.' Br. Supp. Mot. Dismiss, Doc. 10 at 8–9, 14.] In response, Plaintiff argues that her allegations are supported by a "myriad" of facts. [Pl.'s Resp., Doc. 12 at 7–8.] But, the only facts she points to are that "[Mr.] Carothers was driving in lane three (i.e. a passing lane)" and that an accident occurred. [*Id.*] These facts are insufficient to support her claims.

Plaintiff's negligent speeding and failure to inspect allegations are conclusory. There are no facts from which the Court could reasonably infer that Mr. Carothers' speed or the condition of the tractor-trailer were factors in the accident (*e.g.*, factual assertions regarding his speed or

perceived speed and/or allegations of an identifiable defect or mechanical failure with the tractor-trailer). *See Lewis*, 135 F.3d at 406.

Plaintiff's Complaint also is devoid of any facts supporting a claim for recklessness. Under Tennessee law, "[a] person acts recklessly when the person is aware of, but consciously disregards, a substantial and unjustifiable risk of such a nature that its disregard constitutes a gross deviation from the standard of care that an ordinary person would exercise under all the circumstances." *Hodges v. S.C. Toof & Co.*, 833 S.W.2d 896, 901 (Tenn. 1992) (citation omitted). The ordinary side-swipe car accident alleged by Plaintiff simply does not give rise to a claim for recklessness. *See Russell v. Gardner*, No. 2:11-CV-75, 2012 WL 170887, at *2–3 (E.D. Tenn. Jan. 18, 2012) (dismissing punitive damages claim where Complaint failed to plead facts demonstrating recklessness in case involving "typical rear-end type collision").

Accordingly, Plaintiff's claims asserted in paragraphs 61, 65(*l*), and 65(j) are **DISMISSED**.

### III. Count III – Plaintiff Has Not Pleaded Facts Sufficient to Establish Negligence *Per Se* for FMCSR Violations or Facts Sufficient to Establish a Claim for Gross Negligence.

Mr. Carothers has moved to dismiss portions of Count III which he argues are unsupported; specifically, paragraph 74's negligence *per se* allegation based on violations FMCSR Parts 383, 390, 391, 392, 393, 395, and 396, and paragraph 75's gross negligence allegation. [Defs.' Br. Supp. Mot. Dismiss, Doc. 10 at 9, 14.] As with Count II, Plaintiff argues that her allegations are supported by a "myriad" of facts, but only can point to the occurrence of the accident. [Pl.'s Resp., Doc. 12 at 7–8.] Further, as to her negligence *per se* allegation, she argues that under *Iqbal* "legal conclusions can provide the framework of a complaint [when] … supported by factual allegations." [*Id.* at 7 (quoting *Iqbal*, 556 U.S. at 679).]

6

Though Plaintiff correctly quotes *Iqbal*'s text, her reliance on it is misplaced. Under Tennessee law, negligence *per se* is "a form of ordinary negligence that enables the courts to use a penal statute to define a reasonably prudent person's standard of care." *Ryans*, 2015 WL 12942221, at *3 (quoting *Rains v. Bend of the River*, 124 S.W.3d 580, 589 (Tenn. Ct. App. 2003)). In other words, a statute can create a duty. Therefore, even though Plaintiff may rely on the FMCSRs to establish the duty element of her negligence *per se* claim, she must still plead facts sufficient to establish breach, causation, and damages. *Partee v. City of Memphis*, 449 F.App'x 444, 448 (6th Cir. 2011) (a plaintiff's "complaint must plead each element of a negligence claim: duty, breach, causation in fact, proximate causation, and harm." (quoting *Morrison v. Allen*, 338 S.W.3d 417, 437 (Tenn. 2011)).

Plaintiff has not done that here. The regulations at issue are generally related to driver licensing and qualifications, maximum drive time limits, and vehicle maintenance and inspections. Despite being information that would be readily attainable through a police report or other means, Plaintiff's Complaint is devoid of factual allegations from which the Court could infer that, at the time of the accident, Mr. Carothers was unlicensed, not qualified to drive the tractor-trailer, or had exceeded the allowable driving time—*i.e.*, facts from which the court could plausibly conclude that he breached the duties created by the FMCSRs. *See Espinal v. Wright*, No. 3:09–CV–861, 2012 WL 864783, at *2–3 (E.D. Ky. Mar. 13, 2012) (granting defendant's partial motion for summary judgment where plaintiff brough negligence *per se* claim alleging violations of FMCSRs against trucker with Tennessee commercial driver's license). Likewise, as to the maintenance and inspection FMCSRs, Plaintiff has not pleaded any facts from which the Court could plausibly conclude that something about the condition of the tractor-trailer contributed to the accident at issue.

Plaintiff's Complaint also is devoid of any facts supporting a claim for gross negligence. "Under Tennessee law, gross negligence is 'a *conscious* neglect of duty or a callous indifference to the consequences." *Waterhouse v. Tenn. Valley Auth.*, 475 F.Supp.3d 817, 825 (E.D. Tenn. 2020) (emphasis in original) (quoting *Cook ex rel. Uithoven v. Spinnaker's of Rivergate, Inc.*, 878 S.W.2d 932, 938). The ordinary side-swipe car accident alleged by Plaintiff is insufficient to support a claim for gross negligence because none of the material facts indicate that Mr. Carothers acted with "a callous indifference to the consequences" of his actions. *Id.*

Accordingly, paragraph 74's negligence *per se* claim and paragraph 75's gross negligence allegations are **DISMISSED**.

## V. CONCLUSION

The Court would typically afford Plaintiff the opportunity to amend her Complaint. But, she has not submitted a proposed amended complaint and nothing in her Complaint or briefing suggests that she possesses facts that would allow her to cure the pleading deficiencies. *See Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002) ("[I]mplicit in [Rule 15(a)(2)'s directive that courts should freely give amendments when justice so requires] is that the district court must be able to determine whether "justice so requires," and in order to do this, the court must have before it the substance of the proposed amendment." (citing *Kostyu v. Ford Motor Co.*, 798 F.2d 1414 (Table), at *2 (6th Cir. July 28, 1986) (concluding that district court did not abuse its discretion in not permitting the plaintiff to amend his complaint, because "[t]he plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make."))). In fact, she states in her opposition brief that "most facts that will become relevant and material to this action are presently unknown and contained in Defendant J.B. Hunt's corporate records." [Pl.'s Resp., Doc. 12 at 3.] It is well established, however, that plaintiffs must plead facts

8

sufficient to support their claims in the first place, and they cannot use conclusory allegations as placeholders for facts that they hope to discover later. *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1050–51 (6th Cir. 2011) ("[C]ourts may no longer accept conclusory allegations that do not include specific facts necessary to establish the cause of action" and "plaintiff[s] may not use the discovery process to obtain [specific] facts after filing suit."). Moreover, considering Plaintiff's counsels' "copy and paste" approach to pleading—at least as it pertains to trucking companies' direct negligence and FMCSR negligence *per se*—the Court finds that a permissive amendment is unwarranted in this action. [*See* Attachs. 2–5 Defs.' Reply Br., Docs. 15-2–5.]

Accordingly, for the reasons stated above, Plaintiff's claim for punitive damages; Count I; the claims asserted in paragraphs 61, 65(*l*), and 65(j) of Count II; and the claims asserted in paragraphs 74 and 75 (as to gross negligence) of Count III are **DISMISSED**.

So ordered.

ENTER:

s/J. RONNIE GREER
UNITED STATES DISTRICT COURT JUDGE

9